UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANA BOYD,**

        **Plaintiff,**

v.                                          Case No: 6:23-cv-706-PGB-EJK

**OSCEOLASC, LLC,**

        **Defendant.**

### ORDER

This cause comes before the Court on the Application of Plaintiff Diane Boyd for the Entry of Default by the Clerk, filed August 12, 2023. (Doc. 15.) On August 16, 2023, Defendant filed a Motion for Extension of Time to Move, Answer, or Otherwise Respond to Plaintiff's Complaint in response. (Doc. 16.) Plaintiff filed a response in opposition to Defendant's Motion for Extension of Time on August 18, 2023. (Doc. 17.) Accordingly, the Motions are ripe for review.

**I.  BACKGROUND**

On May 24, 2023, Plaintiff filed a Complaint against OsceolaSC, LLC, alleging violations of 42 U.S.C. § 12101, Americans with Disabilities Act Amendments Act of 2008, and § 760.01, Florida Statutes ("Florida Civil Rights Act of 1992"). (Doc. 1.) A summons was issued on July 13, 2023. (Doc. 11.) Thereafter, Plaintiff filed an Amended Complaint on July 18, 2023. (Doc. 12.) Plaintiff effectuated service at 207 W. Gore Street, Orlando, Florida 32806, on July 20, 2023. (Doc. 14-1.) Service was made on Defendant's registered agent, Ryan Zika, through Laura Galant, Zika's

employee. (*Id.*) Thus, Defendant's answer was due on August 10, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A). Defendant did not timely respond to the Complaint. On August 12, 2023, Plaintiff filed the instant Motion for entry of Clerk's default against Defendant. (Doc. 15.) On August 16, 2023, Defendant filed a Motion for Extension of Time to respond to Plaintiff's Complaint. (Doc. 16.)

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

Defendant does not appear to contest the validity of service of process and seeks to answer, or otherwise respond to, Plaintiff's Complaint. (*See* Doc. 16.) While Defendant failed to timely respond to the Complaint, Defendant has now properly appeared in the case, and the Court favors resolving disputes on their merits instead of default. *See Microsoft Corp. v. Gunther*, No. 3:07-cv-596-J-32TEM, 2007 WL 4287607, at *1 (M.D. Fla. Dec. 5, 2007) ("Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits."); *Griffin IT Media*, No. 07-80535-CIV, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16,2008) (citing *Fla. Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)) ("[D]efaults are seen

with disfavor because of the strong policy of determining cases on their merits"). Thus, the Court will deny the Motion for entry of a clerk's default against Defendant and allow Defendant additional time to respond to Plaintiff's Amended Complaint.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that the Application of Plaintiff Diane Boyd for the Entry of Default by the Clerk (Doc. 15) is **DENIED**. Defendant's Motion for Extension of Time (Doc. 16) is **GRANTED**. Defendant is **DIRECTED** to respond to the Amended Complaint **on or before September 6, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on August 23, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE